BALSLY, BLDG. INSPECTOR, APPELLEE, *v.* CLENNIN ET AL., APPELLANTS.

[Cite as Balsly v. Clennin, 3 Ohio App. 2d 1.]

(No. 9392—Decided June 1, 1964.)

*Mr. Raymond E. Shannon,* prosecuting attorney, *Mr. Raymond C. Wetherell* and *Mr. Arthur M. Ney,* for appellee.
*Mr. Donald E. Calhoun,* for appellants.

HUNSICKER, P. J. An appeal on questions of law and fact has been lodged in this court from a judgment· of the Common Pleas Court of Hamilton County wherein that court granted a permanent injunction against Evwalt Development Corporation and Newport Concrete Company, requiring them to cease the

mining and processing of sand and gravel on certain zoned lands, and to adhere in the future to the regulations zoning those lands.

There were four actions filed by various parties in the Court of Common Pleas, and by appropriate journal entry the actions were consolidated and tried as one matter in that court, with the resultant judgment mentioned above. Another defendant, Emile F. Clennin, was dismissed from the action because he had no interest in the lands herein, although he was a former owner of them.

Evwalt Development Corporation, hereinafter called "Evwalt," is the owner of the lands herein, and Newport Concrete Company, hereinafter called "Newport," is the lessee of these lands. This land, along the Little Miami River, and what is now a small island in the river (made so by dredging and frequent high water), contains deposits of sand and gravel. The lands in this vicinity are largely rural, although some of the land lies within the corporate limits of the village of Terrace Park. Much of this land is subject to periodic flooding. Utilities, such as sewer, gas and water, are not available.

The land within the village is zoned for single-family residence purposes, restricted to large lots. The lands, subject to the present action, lying within the county and known as lots 23, 24 and 25, are zoned "H—Resort District." A gravel processing plant and storage area are on lot 23. Access to this portion of the land is by road over lots 24 and 25. The sand and gravel are extracted from the previously-mentioned island in the Little Miami River.

Land of a boat and gun club lies east of the sand and gravel bed, and its club house is about 1,200 feet from the processing plant. A home is about 2,400 feet northeast of the processing plant. In the same vicinity, within the village of Terrace Park, is a private swim club, with its attendant pool and buildings.

All the lands now owned by Evwalt and then leased to Newport were zoned within their respective classifications prior to the acquisition of title by Evwalt and the subsequent lease to Newport. Each of these parties knew of the prior existing zoning restrictions, and knew that other operators of a sand and gravel processing plant abandoned their operations on these

lands prior to the acquisition of the land and the operations thereon by these appellants.

The judge of the Court of Common Pleas viewed the premises. This court was not requested to do so. However, witnesses have described the area, and many photographs were introduced as exhibits, both in the trial court of first instance, and in this court.

The appellants insist that the zoning resolutions which prohibit the mining and processing of sand and gravel on these lands destroy the value of their property so as to constitute a taking of the property without due process of law, and thus a violation of their constitutional rights.

The value of the lands in question is much greater if used for the extraction of sand and gravel than if they are used as farm land. The repeated flooding of the lands does not permit their use for residential purposes. The rental value of the lands for extraction of sand and gravel is many times greater than the rental value for farming purposes. It is economically speculative to consider this land for recreational purposes, such as a golf course, because it is largely a rural area lying adjacent to areas where many large homes are located.

The testimony is in conflict as to the noise, dust, and general conditions surrounding the operation of the gravel processing plant. The testimony is also in some conflict respecting the quality and closeness of the homes claimed to be damaged by the operation of the gravel processing business. There is no conflict in the evidence regarding the time when the land was originally zoned for resort purposes, or that the appellants knew of the fact of zoning before they entered upon the premises for their business purposes.

Pictures which were introduced as exhibits in this court show conditions existing when there was exceedingly high water. Other pictures introduced in the Common Pleas Court show pleasant rural and suburban scenes, marred only by the presence of the mining operations conducted by the appellants.

From our examination of the testimony and exhibits, we determine that the zoning of the area herein bears a substantial relation to the public health and public welfare of the community, and that the county had a right to zone the property along

the Little Miami River as "H—Resort District."

The general rule of law in instances such as we have here is found in the case of *Cleveland Trust Co.* v. *Village of Brooklyn*, 92 Ohio App. 351, wherein that court said:

"2. The power of a municipality to establish zones and to classify property accordingly, is purely a legislative function which will not be interfered with by the courts, unless such power is exercised in an arbitrary, confiscatory and unreasonable manner in violation of constitutional guarantees.

"3. The presumption of validity which attaches to legislative acts in general applies with equal force to zoning ordinances and regulations and the facts to justify interference by courts with the legislative function must clearly appear from the evidence. If the legislative classification for zoning purposes is fairly debatable the legislative judgment must be allowed to control."

We adhere to such pronouncement.

A decree is entered herein as was entered in the trial court.

*Decree for plaintiff.*

DOYLE and COLLIER, JJ., concur.

HUNSICKER, P. J., and DOYLE, J., of the Ninth Appellate District, and COLLIER, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.